```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

ANTHONY L. KING, Sr.,

                     Petitioner,

    -vs-                              **DECISION AND ORDER**
                                           **No. 11-CV-0213(MAT)**

WILLIAM LEE, Superintendent,

                     Respondent.
_____

## I. Introduction

Petitioner Anthony L. King, Sr. ("King" or "Petitioner") has filed a petition (Dkt. #1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his detention in Respondent's custody. Petitioner is incarcerated pursuant to a judgment entered against him in Niagara County Court of New York State following a jury trial convicting him of rape in the first degree, sexual abuse in the first degree, assault in the third degree, and menacing in the third degree.

By order dated March 24, 2011 (Dkt. #3), the Court directed Petitioner to file a § 2254 Timeliness Response Form. Petitioner submitted the form within the required time-frame (Dkt. #4).

For the reasons that follow, the petition is untimely, and Petitioner is not entitled to statutory or equitable tolling. Accordingly, the Court dismisses with petition without requiring Respondent to answer.

**II.  Discussion**

**A.  The petition is untimely under 28 U.S.C. 2244(d)(1).**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, created a new one-year statute of limitations applicable to the filing of applications for a writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). In most cases, including this one, the one-year period runs from the date on which the petitioner's state criminal judgment becomes final. Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)(A)); accord, e.g., Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000). A conviction is considered "final" "once 'the judgment of conviction [has been] rendered, the availability of appeal exhausted, and the time for petition for certiorari . . . elapsed.'" McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003) (quoting Teague v. Lane, 489 U.S. 288, 295 (1989) (citation and internal quotation marks omitted in original) and citing Clay v. United States, 537 U.S. 522, 527 (2003) (noting that "finality" has a "long-recognized, clear meaning" in the post-conviction relief context–namely, the time when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires")).

The Appellate Division, Fourth Department, of New York State Supreme Court affirmed King's conviction on direct appeal on November 14, 2008. People v. King, 56 A.D.3d 1193 (4th Dept. 2008). The New York Court of Appeals denied permission to appeal on January 16, 2009. People v. King, 11 N.Y.3d 926 (2009). King thereafter had ninety (90) days in which to file a petition seeking a writ of certiorari in the United States Supreme Court. McKinney, 326 F.3d at 96 (citing Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Because King did not file a petition for certiorari seeking review of the New York state-court decisions in the United States Supreme Court, his conviction became final on Thursday, April 16, 2009, ninety (90) days after January 16, 2009, the date of the order denying his application for leave to appeal to the New York Court of Appeals. See id.

King then had one year from that date, or until April 16, 2010, in which to timely file his federal habeas petition. See 28 U.S.C. 2244(d)(1)(A). King's petition, deemed to have been filed on

February 23, 2011,[1] was submitted 313 days after the one-year limitations period expired.

### B. Statutory tolling under 28 U.S.C. § 2244(d)(2) is not available.

AEDPA contains a tolling provision which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); see also, e.g., Smith v. McGinnis, 208 F.3d at 16.

King's petition and § 2254 Timeliness Response Form indicate that he filed a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 on March 3, 2010, which was denied by the trial court on October 4, 2010.[2] See Petition, ¶11(c) (Dkt. #1); § 2254 Timeliness Response Form, ¶3 (Dkt. #4). This was a "properly filed application" for state-court collateral review within the meaning of 2244(d)(2). However, it does not provide the tolling needed to make King's timely because it was

---

[1] By operation of the "prison mailbox rule," the petition is deemed to have been filed on the date that Petitioner signed it. See Houston v. Lack, 487 U.S. 266, 276 (1988) (stating that the "prison mailbox rule" applies to pro se incarcerated petitioners and provides that a pleading is deemed filed on the day the petitioner hands it over to prison officials for mailing).

[2] Petitioner did not seek leave to appeal to the Appellate Division, stating that he was "confined to Psychiatric Satellite Unit (PSU) and [had] total deprivation of trial counsel." Petition at 5, ¶11(e) (Dkt. #1).

filed after the limitations period expired, as discussed further below.

Section 2244(d)(2)'s tolling applies only if a state post-conviction motion was "pending" during the one-year limitations period, which, in King's case, ended on April 16, 2010. Smith, 208 F.3d at 16 (citing Bennett v. Artuz, 199 F.3d 116, 119 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000)). Thus, the time that his C.P.L. § 440.10 motion was pending (March 3, 2010, to October 4, 2010) is excluded from the statutory tolling because it occurred after the conclusion of the one-year limitations period. See, e.g., Williams v. Conway, 596 F. Supp.2d 770, 774 (W.D.N.Y. 2009) ("[T]he limitations period already had expired by the time he filed his C.P.L. § 440.10 motion, meaning that it did not qualify for 28 U.S.C. § 2254(d)(2)'s tolling provision. A state-court collateral attack on a conviction cannot toll an already expired limitations period.") (citing Smith v. McGinnis, 208 F.3d at 17 ("We therefore hold that proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). "Nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew." Williams, 596 F. Supp.2d at 774 (citing Smith, 208 F.3d at 17; Frawley v. Brown, No. 07-CV-4580 (BMC), 2007 WL 4264607, *2 (E.D.N.Y. Nov. 30, 2007) ("Petitioner is

not entitled to statutory tolling because his post-conviction motion filed on March 30, 2006, does not operate to toll the running of the limitations period, since it was filed after the statute of limitations expired.")).

To summarize, King is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) as a result of the sole collateral state-court motion that he pursued (the 2010 C.P.L. § 440.10 motion) because the limitations period had already expired before that motion was filed. See, e.g., Williams v. Conway, 596 F. Supp.2d at 775) ("The second coram nobis petition had no effect on tolling, since, as stated above, the limitations period had already expired before it was filed.").

**3.   Petitioner is not entitled to equitable tolling.**

The one-year AEDPA filing limitation is not jurisdictional and, under certain circumstances, may also be equitably tolled. Holland v. Florida, ___ U.S. ___ , ___, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010); accord, e.g., Acosta v. Artuz, 221 F.3d 117, 119, 122 (2d Cir. 2000) (citation omitted). "[I]n 'rare and exceptional circumstances' a petitioner may invoke the courts' power to equitably toll the limitations period." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation omitted). This decision is left to the sound discretion of the district court. Belot v. Burge, 490 F.3d 201, 206-07 (2d Cir. 2007).

The petitioner bears the burden of demonstrating that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll," id. Equitable tolling also "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstrating that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). Whether a petitioner's circumstances are "extraordinary" does not focus on "the uniqueness of the petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" Bolarinwa v. Williams, 593 F.3d 226, 231-32 (2d Cir. 2010) (quotation omitted).

The Second Circuit recently held that a petitioner's mental illness can constitute "extraordinary circumstances" justifying equitable tolling of the AEDPA statute of limitations. Bolarinwa, 593 F.3d at 231. Noting that "mental illness does not toll a filing deadline per se[,]" the Second Circuit explained that "determining whether equitable tolling is warranted in a given situation is a 'highly case-specific inquiry.'" Id. at 232 (quotation omitted; some quotation marks omitted in Bolarinwa). The burden is on the

petitioner to provide a "particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." Id. (quotation omitted). Therefore, in order to justify tolling of the AEDPA one-year statute of limitations due to mental illness, a habeas petitioner must demonstrate that "[his] particular disability constituted an 'extraordinary circumstance' severely impairing [his] ability to comply with the filing deadline, despite [his] diligent efforts to do so." Id.

In Bolarinwa, the petitioner claimed equitable tolling but did not provide particulars about her treatment for psychiatric issues until the district court had dismissed her petition as untimely and she had requested a certificate of appealability. At that point, Bolarinwa supplied the court with the dates of several periods of time during which she had been hospitalized, as well as a letter from a social worker at a mental facility demonstrating that she had been treated for a number of mental conditions arising from the deaths of her children, father, and grandfather. Noting that these instances of treatment for the petitioner's mental illness occurred during the time for which she sought equitable tolling, id. at 229-30, the Second Circuit remanded the case to the district court to determine whether the petitioner's mental illness "excuse[d] the untimely filing of her habeas petition[,]" id. at 232.

King contends that he is entitled to equitable tolling because he "has been diagnosed as 'LEVEL ONE CHRONIC SCHIZOPHRENIC,' a severe, and disabling brain disease and remains so to this day." § 2254 Timeliness Response Form, "Explanation of Facts" (Dkt. #4) (caps in original). King goes on to state that he is currently confined to the Psychiatric Satellite Unit ("PSU") and, at the time he filed his habeas petition, had secured assistance from an inmate paralegal. He attaches several documents in support of his argument for equitable tolling: (1) a letter dated October 21, 2010, from Timothy Deeks, LCSW ("Deeks"), of the Niagara County Department of Mental Health Services ("NCDMHS"), responding to Petitioner's letter dated October 18, 2010, requesting a dated copy of Deeks' earlier, undated letter, enclosing a copy of medical records from a previous incarceration; (2) the undated enclosure letter from Deeks; (3) the requested medical records, dated September 15, 2005, in which Dr. Syed Farooq diagnosed King as having "Schizophrenia, Chronic with paranoid features" and "Polysubstance Abuse by [patient's] history, in remission" ("the Medical Records"); and (4) the Decision and Order dated October 4, 2010, by Associate Justice Richard Kloch of Niagara County Supreme Court denying Petitioner's C.P.L. § 440.10 motion ("C.P.L. § 440.10 Order").

After reviewing the documents submitted by King, the Court finds that he has not demonstrated his entitlement to equitable tolling. Although the two pages of medical records submitted by

King indicate that he was mentally ill in September 2005, he has provided no information to the Court as to his mental condition since that time. In particular, records are lacking for the period between April 16, 2009, and April 16, 2010, the one-year AEDPA statute of limitations period. "Evidence of mental illness during this time period is critical to a viable equitable tolling argument." Florio v. Cuomo, No. 10 Civ. 0998(SHS)(JLC), 2010 WL 5222123, at *11 (S.D.N.Y. Nov. 16, 2010), report and recommendation adopted, 2011 WL 223217 (S.D.N.Y. Jan 24, 2011) (citing Rios v. Mazzuca, 78 Fed. App'x 742, 745, at *3-4 (2d Cir. 2003) (summary order) (no equitable tolling where petitioner with history of schizophrenia and antisocial personality disorder unable to show illnesses prevented timely filing of petition); Victorial v. Burge, 477 F. Supp.2d 652, 655 (S.D.N.Y. 2007) (no equitable tolling where petitioner failed to show how bipolar disorder prevented him from filing petition "during the year in which he was to file his petition . . ."); Jean-Louis v. Greiner, No. 02 Civ. 6326(SAS), 2003 WL 1807144, at *3-4 (S.D.N.Y. Apr. 4, 2003) (no equitable tolling where petitioner showed "serious mental illness . . . far before the relevant time period"); Rhodes v. Senkowski, 82 F. Supp.2d 160, 163-64, 169-70 (S.D.N.Y. 2000) (no equitable tolling where petitioner who developed depression, kidney failure, fungal infection, and severe allergies in connection with AIDS treatment

was unable to show that illness prevented him from pursuing his rights during the specific period for which he sought tolling)).

Even granting that Petitioner has continued to suffer from paranoid schizophrenia since his diagnosis in 2005, and has been housed in the PSU, the Court cannot find that Petitioner has borne his burden of providing particulars concerning how his condition adversely affected his ability to function in general or, specifically, to pursue his legal rights during the time for which he seeks tolling. Bolinarwa, 593 F.3d at 232. He states, in his "Explanation of Facts" (Dkt. #4), that he "is unable to initiate plans, speak coherently, and express himself." However, Petitioner managed to file a pro se C.P.L. § 440.10 motion on March 3, 2010, during the time for which he seeks tolling on grounds of mental illness. He also was able, in 2009, to contact Deeks at NCDMHS to request his 2005 medical records, and write a follow-up letter to Deeks. Furthermore, in the 2007-2008 timeframe, he had the ability to timely submit a pro se supplemental appellate brief during his direct appeal. These actions constitutes convincing evidence of Petitioner's capacity to understand what he needed to do pursue habeas relief.

Moreover, Petitioner's mental illness, diagnosed in 2005, did not become an issue until after he was convicted, and he began seeking to overturn his conviction based upon trial counsel's alleged ineffectiveness in failing to request a competency hearing.

In denying Petitioner's C.P.L. § 440.10 motion, Judge Kloch found that neither of King's defense attorneys had been ineffective in failing to request a competency hearing at the time of the trial proceedings in late 2005/early 2006. It significant, in Judge Kloch's opinion, that King had "fail[ed] to describe . . . the effort to enlighten defense counsel about his past [mental health history]," and had only offered the undated letter from Deeks and the two pages of medical progress notes completed by Dr. Farooq in September 2005. See  C.P.L. § 440.10 Order at 2 (Dkt. #4). Judge Kloch found that neither of Petitioner's defense attorneys "knew anything about" Petitioner's psychiatric issues prior to his trial in January 2006. Id. Furthermore, there was no indication during the "countless" court appearances before, during, and after trial, that King "had ever made competency an issue." Id.

Insofar as Petitioner's pleadings can be interpreted as arguing that he is entitled to an equitable toll because he lacked legal assistance,[3] such a contention is without merit. The lack of an attorney or an inmate law clerk to assist King in preparing his petition is not a basis for equitable tolling because there is no absolute right to counsel or other legal assistance in connection with a habeas corpus petition. See Pennsylvania v. Finley, 481 U.S.

---

[3] Petitioner states in his "Explanation of Facts" (Dkt. #4) as to why his petition should not be held untimely that "[a]t certain intervals during his incarceration he was able to attain assistance in his legal endeavors through the prison Law Library, now is one of those times."

551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); McCleskey v. Zant, 499 U.S. 467, 495 (1991) (noting that Supreme Court's precedents do not "imply that there is a constitutional right to counsel in federal habeas corpus"). Petitioner also cannot claim that his status as a layperson or his ignorance of the law is sufficient to warrant equitable tolling. See Smith v. McGinnis, 208 F.3d at 18 ("Smith's pro se status until March 1997 does not merit equitable tolling [of AEDPA's statute of limitations].") (citing Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)).

**IV. Conclusion**

For the foregoing reasons, Anthony L. King, Sr.'s petition (Dkt. #1) is dismissed as untimely. No certificate of appealability shall issue because King has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether th[is] . . . [C]ourt was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Bethea v. Girdich, 293 F.3d 577, 577 (2d Cir. 2002) (Slack standard applies to request by habeas petitioner, whose petition was dismissed as untimely under AEDPA, for a certificate of appealability).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), that any appeal from this Decision and

Order would not be taken in good faith, and therefore the Court denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438, 445-46 (1962). Any application for leave to appeal in forma pauperis must be made to the Second Circuit Court of Appeals in accordance with FED. R. APP. P. 24(a)(1), (4), & (5). See id. Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   March 27, 2012
         Rochester, New York